## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS E. COCHRAN** | **# CASE NO.:  2:16-cv-1633** |
| | **#** |
| **VERSUS** | **# JUDGE:** |
| | **#** |
| **NABORS DRILLING TECHNOLOGIES USA, INC.** | **# MAGISTRATE:** |

### <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes the petitioner, **THOMAS E. COCHRAN (COCHRAN)**, a person of the full age of majority, who respectfully represents as follows:

1.

Made DEFENDANT is **NABORS DRILLING TECHNOLOGIES USA, INC.** (the successor in interest to, and formerly known as, **NABORS DRILLING USA, INC.** and **NABORS DRILLING USA, LP**) a Delaware corporation headquartered in Texas but doing business in the State of Louisiana (hereinafter collectively "**NABORS DRILLING**").

2.

This is an action for wrongful termination arising out of disability and/or age discrimination, retaliation, and breach of contract. Federal question subject matter jurisdiction arises from the Americans with Disability Act, the Age Discrimination in Employment Act, and the Civil Rights Act. Diversity subject matter jurisdiction exists as the parties are diverse and the amount in controversy in the state law claims exceeds $75,000.00. And supplemental subject matter jurisdiction additionally exists over the state law claims as the state law claims arise out of the same nucleus of operative facts at issue in the federal claims.

3.

Cochran initially worked for NABORS DRILLING from April 1992 till 2008 when he was told shortly after his return to work from a medical disability leave that he was let go for lack of work during a slowdown. He was rehired as a Rig Manager on or about October 2010.

4.

On or about March 11, 2013, COCHRAN was placed on Short Term Medical Leave to tend to diagnosed medical issues with his diaphragm, heart, and gall-bladder.

5.

COCHRAN underwent a laparoscopic Nissen's fundoplication and initially had an anticipated return to work date of May 17, 2013.

6.

On or about March 15, 2013 COCHRAN informed his NABORS DRILLING supervisor, Douglas Cleveland (Cleveland), that his physician was unsure when he could return to work and that he required a second surgery.

7.

On or about March 28, 2013 COCHRAN informed Cleveland that his physician scheduled to perform another surgery and he still could not return to work.

8.

On or about April 19, 2013 COCHRAN informed Cleveland that COCHRAN underwent his final surgery and was informed he would be released to work in six to eight weeks.

9.

On or about May 1, 2013 NABORS DRILLING reduced COCHRAN's Short Term/Family Medical Leave benefits from 100% of his salary to 60% of his salary, stating that COCHRAN had inadequate years of service to maintain the higher benefits level. COCHRAN informed NABORS DRILLING that he disputed the reduction in benefits because there was no stated policy that justified not counting his earlier term of employment toward years of service. When Nabors Drilling HR persisted Cochran requested the matter go to arbitration.

10.

On or about June 6, 2013 COCHRAN provided NABORS DRILLING Human Resources Representative Jeremy Pacheco and supervisor Cleveland a work release from his treating physician, Guru P. Ghanta, M.D., which stated that COCHRAN could resume work on July 1, 2013.

11.

In response to that work release, on or about June 17, 2013 NABORS DRILLING provided correspondence authorizing Short Term/Family Medical Leave through July, 1, 2013 but still providing COCHRAN only 60% of his salary without addressing the request for arbitration.

12.

On or about June 30, 2013 COCHRAN sent an email to Cleveland reporting back to work, stating, "Doug I am released on the first.  What do I need to do?"

13.

On or about July 2, 2013 NABORS DRILLING terminated COCHRAN, ostensibly for failing to report to work and for failing to provide a work release.

3

14.

COCHRAN, who was 55 years old at the time, was terminated without legitimate non-discriminatory, non-retaliatory cause while younger and able-bodied but less-experienced employees remained employed with NABORS DRILLING. COCHRAN was singled out, terminated and treated differently because of his age and/or disability and/or in retaliation for asserting and contesting his rights as an individual with, or perceived to have, a disability.

15.

NABORS DRILLING alternatively breached without cause and in bad faith its employment agreement with COCHRAN by 1) terminating him ostensibly for failure to report to work and failure to provide a work release when COCHRAN had reported to work and provided a work release from his physician; and by 2) arbitrarily providing COCHRAN a reduced 60% disability benefit in willful disregard of COCHRAN's entitlement by years of service to a full 100% disability benefit.

16.

In the further alternative NABORS DRILLING, acting through and responsible for the conduct of its employees, was negligent in the failure to implement properly the policy and procedures in regard to their Short Term/Family Medical Leave benefits.

17.

In the light of the foregoing COCHRAN seeks appropriate relief, including but not necessarily limited to lost back and front pay, compensatory and punitive damages, and attorney's fees.

18.

Plaintiff timely filed a charge with the EEOC based on the foregoing and was issued a notice of right to sue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **THOMAS E. COCHRAN**, prays that after due proceedings are had, this Honorable Court enter judgment in his favor and against Defendant, NABORS DRILLING TECHNOLOGIES USA, INC., for the following:

1. Declaring the Defendant maintained a policy and practice of discrimination that violated the Americans with Disability Act;

2. Directing Defendant by appropriate injunctive relief to eliminate such policy and practice;

3. Finding Defendant unlawfully discriminated and/or retaliated against plaintiff because of his disability, requests for accommodation, and/or assertion of discrimination complaints;

4. Declaring the Defendant maintained a policy and practice of discrimination that violated the Age Discrimination in Employment Act;

5. Directing Defendant by appropriate injunctive relief to eliminate such policy and practice;

6. Finding Defendant unlawfully discriminated and/or retaliated against plaintiff because of his age and/or assertion of discrimination complaints;

7. Awarding plaintiff past and future lost wages, compensatory damages, and punitive damages;

8. Determining and awarding reasonable attorney's fees and plaintiff's costs and expenses of this action against the defendant, and providing for interim payment to plaintiff in the case of an appeal by any defendant;

9. Awarding plaintiff full damages for all acts of negligence, intentional acts, or other illegal acts of defendants to which he is entitled at law or equity;

10. Legal interest as provided by law; and

11. All other relief to which plaintiff shows himself entitled at law or in equity.

Respectfully submitted,

**McCONNELL LAW OFFICES**

BY:

**MATT D. McCONNELL – La Bar #24548**
P. O. Box 52024
Lafayette, LA  70505-2024
1021 Coolidge Blvd. (70503)
Tel: (337) 347-6404
Fax: (337) 347-6403
Matt@McConnellLawOffices.com
Attorney for petitioner **THOMAS E. COCHRAN**

6