U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 2 2017

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THOMAS E. COCHRAN | * | CIVIL ACTION NO. 2:16-CV-01633 |
| v. | * | |
| | * | JUDGE JAMES T. TRIMBLE, JR. |
| NABORS DRILLING TECHNOLOGIES USA INC. | * | |
| | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (Rec. Doc. 7) filed by the defendant Nabors Drilling Technologies USA, Inc ("Nabors"). The plaintiff, Thomas Cochran, filed a response in opposition (Rec. Doc. 9), and Nabors filed a reply (Rec. Doc. 15). For the following reasons, Nabors's motion will be **GRANTED**, and this matter will be **DISMISSED WITHOUT PREJUDICE** in favor of arbitration.

### I. FACTS & PROCEDURAL HISTORY

On November 23, 2016, Cochran filed suit in federal court alleging that in 2013, Nabors wrongfully terminated him under the Americans with Disability Act, the Age Discrimination in Employment Act, and the Civil Rights Act.[1] As part of his employment agreement with Nabors, Cochran agreed to resolve disputes in accordance with the company's Employee Dispute Resolution Program (the "DRP").[2] Under the DRP, disputes were to be resolved through arbitration or mediation in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*[3] Either a Nabors entity or an affected person could seek to initiate the arbitration "proceeding by

---

[1] Compl. (Rec. Doc. 1), ¶ 2.

[2] Notice to Applicant's Regarding Dispute Resolution Program (Rec. Doc. 7-1), p. 18.

[3] DRP (Rec. Doc. 7-1), p. 5, ¶ 3.E; p. 6, ¶ 8.A.

1

serving a written request to initiate proceedings on AAA[, the American Arbitration Association,] or JAMS[, Judicial Arbitration and Mediation Services], and tendering the appropriate administrative fee."[4] An employee could also initiate the proceedings "by serving a written request to initiate proceedings on the Company's Dispute Resolution Program Administrator," who would forward the request to AAA or JAMS.[5] A written request for arbitration proceedings was required to "describe the nature of the Dispute, the amount involved, if any, the remedy sought, and the proceeding locale requested."[6]

Both parties agree that under the terms of the DRP, Cochran would be required to resolve his claim through binding arbitration.[7] However, Cochran argues that Nabors either waived its right to enforce the agreement or should be equitably estopped from enforcing the DRP because Nabors ignored his request for arbitration.[8] Before filing his claim, Cochran argues that he requested that the matter go to arbitration, and Nabors ignored the request.[9] In an email, Nabors's human resources manager states that she received an email from Cochran that he verbally requested an arbitration proceeding from a Nabors employee.[10] The human resources manager explains that the employee did not recall the request.[11] In his emailed response, Cochran reiterates that he requested arbitration, and after hearing nothing, he would go to the labor

---

[4] DRP Rules (Rec. Doc. 7-1), p. 9, ¶ 3.B.

[5] DRP Rules (Rec. Doc. 7-1), p. 9, ¶ 3.D.

[6] DRP Rules (Rec. Doc. 7-1), p. 9, ¶ 3.C.

[7] Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (Rec. Doc. 7), pp. 1-2. Plaintiff's Opposition (Rec. Doc. 9), p. 1.

[8] Plaintiff's Opposition (Rec. Doc. 9).

[9] Compl. (Rec. Doc. 1), ¶¶ 9, 11; Emails (Rec. Doc. 9-1).

[10] Email (Rec. Doc. 9-1), p. 2. Cochran does not attach the original email to which the human resources manager is responding.

[11] Email (Rec. Doc. 9-1), p. 2.

department.[12] Nabors argues that Cochran's request was insufficient to initiate arbitration proceedings, and that it has the right to enforce the DRP. Nabors has moved to compel arbitration and dismiss Cochran's suit.

## II. LAW & ANALYSIS

The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed ... absent a ground for revocation of the contractual agreement."[13] As long as a party is not in default, the party may move the court to compel arbitration.[14] If the court determines that the issues involved in a case are subject to arbitration, the court may stay the judicial proceedings pending the arbitration proceedings or, if all issues raised in the lawsuit are subject to arbitration, the court may dismiss the case in favor of arbitration.[15]

To determine whether the issues must be arbitrated, the court must determine: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[16] If "the parties have agreed to arbitrate the dispute in question, [the court] must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'"[17] When conducting this inquiry, the court should stay mindful that there is a "strong federal policy favoring

---

[12] Email (Rec. Doc. 9-1), p. 1.

[13] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see* 9 U.S.C. § 2.

[14] 9 U.S.C. § 3.

[15] *See id.*; *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

[16] *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 293 (5th Cir. 2005) (citing *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002)).

[17] *Id.* at 294 (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)).

3

arbitration."[18] Both Cochran and Nabors agree that under the DRP, the parties agreed to arbitrate all the matters disputed in the present case, leaving only the question of whether external legal constraints foreclose arbitration of the claims, specifically whether Nabors is in default. Cochran argues that Nabors is in default because it waived its right to enforce the arbitration agreement, or, in the alternative, Nabors is in default under the doctrine of equitable estoppel.

### A. Waiver

Federal courts, including the Fifth Circuit, have found that a party is in default when it has waived its right to enforce the arbitration agreement.[19] "The right to arbitrate a dispute, like all contract rights, is subject to waiver."[20] When analyzing whether a party waived its right enforce an arbitration agreement, the court applies the waiver test as set out by the Fifth Circuit, not substantive state law.[21] Although waiver of arbitration is a disfavored finding, '[w]aiver will be found when the party seeking arbitration [(1)] substantially invokes the judicial process [(2)] to the detriment or prejudice of the other party.'"[22]

Regarding the first prong, a party substantially invokes the judicial process if the party filed the suit in court or if its overt actions "evince[] a desire to resolve the arbitrable dispute through litigation rather than arbitration."[23] Regarding the second prong of the inquiry, the other party is prejudiced by the invocation of the judicial process if it results in delay, extra expense,

---

[18] *Fedmet Corp.*, 194 F.3d at 676 (quoting *United Offshore Co. v. S. Deepwater Pipeline Co.*, 899 F.2d 405, 408 (5th Cir. 1990)).

[19] *See Planet Beach Franchising Corp. v. Richey*, 623 F. Supp. 2d 735, 738 (E.D. La. 2008) (analyzing the application of default and waiver in several federal cases).

[20] *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)).

[21] *See id.*

[22] *Id.* (quoting *Miller Brewing Co.*, 781 F.2d at 496-97).

[23] *Id.* (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002)).

4

and/or damage to his legal position.[24] However, merely delaying the initiation of arbitration proceedings or participating in the litigation proceedings do not on their own rise to the level of a waiver.[25] Therefore, to show that Nabors waived its right to enforce the arbitration clause, Cochran must show that (1) Nabors substantially invoked the judicial process by taking an overt action which showed an intention to resolve the dispute through litigation, and (2) Cochran was prejudiced by Nabors substantially invoking the judicial process.

Cochran has failed to establish that Nabors waived its right to arbitrate because Cochran has not provided evidence that Nabors took an overt action manifesting an intent to resolve the dispute through litigation. Nabors did not file the suit in federal court;[26] in its answer, Nabors raises the affirmative defense that the claims were subject to arbitration;[27] and shortly after filing the answer, Nabors moved to compel arbitration and dismiss the suit.[28] Cochran argues that emails between himself and the human resources manager at Nabors establish an intent to resolve the claims outside of arbitration. The emails submitted by Cochran provide evidence that he verbally requested an arbitration proceeding and that Nabors did not recall a verbal request.[29] Cochran did not make an actual request for arbitration in the submitted emails, and he has not provided evidence that he served "a written request to initiate proceedings on the Company's Dispute Resolution Program Administrator," as required under the DRP.[30] And even if the emails were construed as a written request, Nabors inaction likely does not amount to an overt

---

[24] *In re Mirant Corp.*, 613 F.3d 584, 591 (5th Cir. 2010) (citing *Nicholas*, 565 F.3d at 910).
[25] *Gulf Guar. Life Ins. Co.*, 304 F.3d at 484.
[26] Compl. (Rec. Doc. 1).
[27] Answer (Rec. Doc. 3), p. 4, ¶ 29.
[28] Motion to Compel Arbitration and Dismiss Plaintiff's Complaint (Rec. Doc. 7).
[29] Emails (Rec. Doc. 9-1), pp. 1-2.
[30] DPR Rules (Rec. Doc. 7-1), p. 9, ¶ 3.D.

act showing "a desire to resolve the arbitrable dispute through litigation rather than arbitration,"[31] because the mere delay in enforcing the right is not considered a waiver of the right.[32] Accordingly, the court does not find that Nabors waived its right to enforce the arbitration agreement.

### B. Equitable Estoppel

Cochran also argues that Nabors should be equitably estopped from enforcing the arbitration agreement. However, Cochran cites no law, and the court could find none, supporting the proposition that the state law doctrine of equitable estoppel can be the basis of a party being "in default" under the FAA.[33] In fact, Cochran makes no argument for why Louisiana equitable estoppel law should apply under an FAA analysis, seemingly ignoring the FAA altogether. The court is dubious of whether such an argument can be made to expand the definition of "in default" and declines to do the plaintiff's research. Therefore, Cochran's equitable estoppel argument fails. Cochran has failed to show that Nabors is "in default," and therefore, his claims are subject to arbitration. Because all of his claims raised in the present suit are subject to arbitration, the plaintiff's complaint will be dismissed in favor of arbitration.[34]

---

[31] *Nicholas*, 565 F.3d at 907 (citing *Gulf Guar. Life Ins. Co.*, 304 F.3d at 484).

[32] *Gulf Guar. Life Ins. Co.*, 304 F.3d at 484.

[33] The state law doctrine of equitable estoppel has been relied on to allow a nonsignatory party to enforce an arbitration agreement, *see, e.g., Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 255 (5th Cir. 2014) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)), but the court could not find a case that relied on it to make an arbitration agreement unenforceable. The plaintiff cites *Legier & Materne v. Great Plains Software, Inc.*, No. CIV.A. 03-0278, 2005 WL 1431666 (E.D. La. May 31, 2005) to support its equitable estoppel argument. However that opinion denies a motion for summary judgment in a contract dispute case, and it does not discuss the FAA or arbitration.

[34] *See Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992)).

III. **CONCLUSION**

For the reasons explained above, Nabors's Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 7) will be **GRANTED.** The matter will be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 2nd day of June, 2017.

                                        JAMES T. TRIMBLE, JR.
                                        UNITED STATES DISTRICT JUDGE